UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
RAIQUAN K. FALLS,

Plaintiff,

-against-

M. DEMSHECK, *et al.*,

Defendants.
-----------------------------------------------------------x

26 Civ. 2868 (JGLC) (AEK)

**ORDER**

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

On August 4, 2026, the Court issued an order extending Plaintiff's deadline to file an amended complaint to Wednesday, September 2, 2026, and extending the deadline for service of the original complaint on the three defendants originally named—M. Demsheck, Mark Miller, and A. Rodriguez—to Wednesday, September 16, 2026. ECF No. 12.

Plaintiff's letter addressing the Court's August 4, 2026 order was docketed on September 8, 2026. ECF No. 13. Among other things, Plaintiff states that he has not received any summonses for the defendants identified by Defendant's counsel in response to the Court's *Valentin* order—Christopher Collado, C.O. Sean Cothren, Lt. Latasha Cobb, and DOCCS Deputy Commissioner Michael Damore—and therefore was unable to serve the newly-identified defendants. *Id.* at 1; ECF No. 10. Plaintiff also explains that there are limitations to his ability to make copies and obtain free postage for legal mail at his facility, and that this further infringes on his ability to serve the newly-identified defendants. ECF No. 13 at 1-3. Finally, Plaintiff requests additional time to file his amended complaint. *Id.* at 2.

To be clear, **Plaintiff is not required to serve any complaint in this action himself**. It is therefore not necessary for Plaintiff to make multiple copies of either the original complaint or the forthcoming amended complaint. As Plaintiff correctly noted in his letter, because he has been authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915, *see* ECF No. 5, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service, *see* Fed. R. Civ. P. 4(c)(3). The Court previously ordered that service be made by the U.S. Marshals Service in this action. ECF No. 7. In the August 4, 2026 order, the Court noted that if the complaint was not served on the defendants *by the U.S. Marshals Service* within 90 days after the date the summonses for those defendants was issued, Plaintiff should request an extension of time for service. *Id.* at 4. Put differently, even though Plaintiff is not required to serve the complaint himself, he is still responsible for requesting extensions of the service deadline if service has not been completed by the U.S. Marshals Service. As part of the August 4, 2026 order, even though Plaintiff had not requested an extension of time for the U.S. Marshals Service to serve the complaint, the Court extended the deadline of its own accord to permit the U.S. Marshals Service additional time. *See* ECF No. 12 at 2

Turning to the requests in Plaintiff's most recent submission:

(1) Plaintiff's request for a further extension of time to file his amended complaint naming the newly identified individuals as defendants is GRANTED. The Court hereby extends the deadline for Plaintiff to file his amended complaint to **October 14, 2026**. When the amended complaint is filed—and only then, because at present, the individuals who have been identified pursuant to the *Valentin* order are not yet parties to the case—the Clerk of Court will be instructed to issue summonses for the newly-named defendants, complete the USM-285 form with the address for each of these newly-named defendants, and deliver all documents necessary to effect service of a summons and the complaint on these newly-named defendants to the U.S. Marshals Service. Again, Plaintiff is not required to make copies or otherwise personally serve the newly-named defendants.

(2) The Court will also treat Plaintiff's letter as a request to extend the deadline for the U.S. Marshals Service to serve the original complaint on M. Demsheck, Mark Miller, and A. Rodriguez. That application is also GRANTED. The deadline for the U.S. Marshals Service to serve the original complaint is extended to **October 28, 2026**.

The Clerk of the Court is respectfully directed to mail a copy of this order to the *pro se* Plaintiff. In addition, even though the docket reflects that the April 15, 2026 Order of Service (ECF No. 7) was sent to Plaintiff as part of the package of materials mailed to him on April 16, 2026 (ECF No. 9), because Plaintiff's letter at ECF No. 13 indicates that he did not receive a copy of the Order of Service, the Clerk of Court is also respectfully directed to mail another copy

of the Order of Service (ECF No. 7), and to enter a notation on the docket confirming the mailing of both the Order of Service and this Order.

Dated: September 14, 2026
White Plains, New York

**SO ORDERED.**

ANDREW E. KRAUSE
United States Magistrate Judge