UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

RAIQUAN K. FALLS,

Plaintiff,

-against-

M. DEMSHECK, et al.,

Defendants.
-----------------------------------------------------------x

**ORDER**

26 Civ. 2868 (JGLC) (AEK)

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

The Court is in receipt of Plaintiff's letter, dated September 20, 2026, which inquires as to whether the Court ordered the correctional facility where Plaintiff currently resides to permit Plaintiff to make seven photocopies of the amended complaint, and exceed the weekly legal mail postage limit, so that Plaintiff could serve the seven defendants listed in the forthcoming amended complaint. ECF No. 15.

The Court issued an order on September 14, 2026, which explained that Plaintiff is not required to serve any complaint in this action himself, and is not required to make multiple copies of either the original complaint or the forthcoming amended complaint. *See* ECF No. 14. Unfortunately, despite the Court's instructions in that order, it appears, from a review of the docket, that the order may never have been mailed to Plaintiff, as there is no "mailing receipt" on the docket associated with that document. The Court reiterates here that Plaintiff is not required to make multiple copies of these documents, nor is he required to serve any complaint in this action himself.

In his September 20, 2026 letter, Plaintiff also brings to the Court's attention a New York State court Article 78 proceeding, in which the disposition of Plaintiff's disciplinary hearing was

reversed and all references were expunged. ECF No. 15 at 2. Plaintiff expresses concern that Defendants have requested that this action be dismissed as moot. *Id.* But no such application has been filed in this action, and it would be premature to address that issue at this time. If Defendants were to seek the dismissal of this case, they would be required to file a motion requesting such relief; Plaintiff would be served with a copy of the motion; and Plaintiff would be given a chance to respond.

Plaintiff asks for a further extension of time to serve each of the seven defendants with the amended complaint. *Id.* at 3. Again, the Court has clarified that Plaintiff is not required to make copies or otherwise personally serve the defendants with the amended complaint. Nevertheless, because Plaintiff did not receive the Court's prior order, and may therefore have been waiting for further direction from the Court regarding the amended complaint, the Court hereby grants Plaintiff a final extension of time—until December 1, 2026—to file his amended complaint. The deadline for the U.S. Marshals Service to serve the original complaint is extended to December 15, 2026. The timetable for service of the amended complaint will be set upon the filing of the amended complaint.

**The Clerk of Court is respectfully directed to mail a copy of this order, as well as the orders at ECF Nos. 7 and 14, to the *pro se* Plaintiff, and to enter a notation on the docket confirming the mailing of all three orders.**

Dated: November 6, 2026
White Plains, New York

**SO ORDERED.**

ANDREW E. KRAUSE
United States Magistrate Judge